## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LAVATEC LAUNDRY TECHNOLOGY GMBH,     :
                                     :
                     Plaintiff,      :     No. 3:13cv56 (SRU)
                                     :
            v.                       :
                                     :
LAVATEC, INC.,                       :
                                     :
                     Defendant.      :     APRIL 16, 2014

### JOINT MOTION FOR RESOLUTION OF DISCOVERY DISPUTE

Pursuant to this Court's January 15, 2014 Order, the parties jointly submit to the Court

for resolution the two issues below concerning the plaintiff's redaction of certain documents on

the basis of relevancy and plaintiff's claim of work product protection for certain

communications with non-party witnesses.  Undersigned counsel certify that the two issues set

forth below have been fully discussed by counsel in two telephone conferences, which took

place on April 14 and April 15, and the parties have been unable to resolve their dispute.

**I.     Redaction of Documents**

    **A.     Defendant Lavatec's Contentions**

        **1.     Background**

On April 4, 2014, plaintiff supplemented its response to, among other requests,

Lavatec's Production Request No. 6, which seeks:

> Any document evidencing, concerning or referring to any actual or intended
> assignment, consent, authorization, license and/or permission to use any mark or
> designation consisting of or including the term LAVATEC.

Plaintiff's initial response to this request stated:

> OBJECTION:  Plaintiff objects to this Request on the grounds that it: (a) is vague and ambiguous and overbroad; (b) seeks information not within the knowledge, possession or power of Plaintiff; (c) seeks information in the possession and control of Defendant; and (d) is not bound by time.

> RESPONSE:  Notwithstanding and without waiving the foregoing objections, Plaintiff will produce non-privileged documents responsive to this Request, if any such documents exist.

In supplementing its response, plaintiff produced, among other documents, 12 distributions agreements with third parties.  Those agreements are heavily redacted.  Each agreement is approximately 19 pages long and plaintiff has redacted all but about a page and a half of each agreement.  The unredacted paragraphs concern licenses to use the LAVATEC trademark, representations concerning ownership of the mark and agreements to indemnify third party licensees against claims of infringement.

Defendant raised a concern with plaintiff regarding these redactions during counsel's telephone conference on April 14 at which time counsel for the plaintiff represented that the information that has been redacted is not relevant to the dispute between the parties.  Plaintiff's counsel offered to provide an unredacted table of contents for each agreement and negotiate with defendant if there were redacted sections that it might claim to be relevant.  Defendant's counsel declined this offer as (1) given the short timeframe there simply is not time to engage in this exercise;[1] and (2) plaintiff believes that the redaction of documents based on relevancy is improper and it is entitled to see the undisputedly relevant portions of those agreements in the context of the larger agreement.

---

[1] The corporate deposition of LLT and depositions of its two primary witnesses are scheduled to take place next week on Tuesday and Wednesday, April 22 and 23.

2.      **Argument**

Plaintiff's redaction of agreements licensing third parties to use the LAVATEC trademark is improper.[2]

The question of whether a party may redact information from discoverable documents on the basis of relevancy is not settled.  The weight of authority from within the Second Circuit, however, holds that a party may not "selectively excise from otherwise discoverable documents those portions that they deem not to be relevant." Howell v. City of New York, No. CV-06-6347, 2007 U.S. Dist. LEXIS 71063, at *2 (E.D.N.Y. Sept. 25, 2007); John Wiley & Sons, Inc. v. Book Dog Books, LLC, No. 13Civ.816, 2014 U.S. Dist. LEXIS 41285, at *2 (S.D.N.Y. March 26, 2014); In re State Street Bank & Trust Co. Fixed Income Funds Investment Litig., No. 08Civ.0333, 2009 U.S. Dist. LEXIS 34967, at *6 (S.D.N.Y. April 8, 2009); Cornell Research Foundation, Inc. v. Cornell University, No. 5:01cv1974, 2006 U.S. Dist. LEXIS 97054, at *74-*75 (N.D.N.Y. Nov. 13, 2006); but see Bear Creek Cranberry Co. v. Cliffstar Corp., No. 10Civ.007700, 2011 U.S. Dist. LEXIS 76787, at *7 (W.D.N.Y. July 15, 2011) ("[C]ourts have found redaction appropriate where the information redacted was not relevant to the issues in the case." (quotation marks omitted)).

"[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege." John Wiley & Sons, 2014 U.S. Dist. LEXIS 41285, at *2 (Court "ordered production of unredacted versions of [redacted] documents"

---

[2] Plaintiff did not object to Request No. 6 on relevancy grounds and, accordingly, any objection that these agreements are not relevant has been waived. Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 538 (D. Conn. 2006) (Fed. R. Civ. P. 33(b)(4) waiver implied in Rule 34); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

without an assessment of the relevancy of the redacted portions).  Given the liberal discovery

standard and scope of permissible discovery, redactions for relevancy "are generally unwise.

They breed suspicions, and they may deprive the reader of context.  Rule 26(b)(1) says that

information is relevant as long as it 'appears reasonably calculated to lead to the discovery of

admissible evidence.'"  In re State Street Bank & Trust Co., 2009 U.S. Dist. LEXIS 34967, at

*6 ("In the case at bar, the stipulated protective order makes it unnecessary to redact any

portion of a document on the ground that the portion is non-responsive or irrelevant.").

Courts outside of this Circuit that have considered the cases permitting and prohibiting

redactions based on relevancy have not been persuaded that such redactions are appropriate.

E.g., Burris v. Versa Prods., Inc., No. 07-398, 2013 U.S. Dist. LEXIS 21851, at *9 (D.

Minn. Feb. 19, 2013) ("The practice of redacting for nonresponsiveness or irrelevance finds

no explicit support in the Federal Rules of Civil Procedure, and the only basis for prohibiting a

party from seeing a portion of a document in the Rules are claims of privilege or work-product

protection."); Arcelormittal Cleveland Inc. v. Jewell Coke Co., No. 1:10cv00362, 2010 U.S.

Dist. LEXIS 133263, at *6-*9 (N.D. Ohio Dec. 16, 2010) (ordering production of unredacted

documents); Orion Power Midwest, L.P. v. Am. Coal Sales Co., No. 2:05-cv-555, 2008 U.S.

Dist. LEXIS 76366, at *4-*5 (W.D. Pa. September 30, 2008) (ordering production of

unredacted documents).  As one such Court noted, such redactions are :

> not supported by the text of Fed. R. Civ. P. 34 and would open a fertile new field for
> discovery battles. Rule 34 talks about production of "documents," as opposed to the
> relevant information contained in those documents.  It is at least implicit that the duty to
> "produce documents as they are kept in the usual course of business" includes the
> substantive contents of those documents.  Certainly, a party that seeks to "inspect" a
> document would anticipate being able to inspect the entire document. This
> interpretation of Rule 34 is consistent with the guidance in Fed. R. Civ. P. 1 that the
> Rules be construed to advance the just, speedy and inexpensive determination of cases.

There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information.

Orion Power Midwest, L.P., 2008 U.S. Dist. LEXIS 76366, at *4-*5; see also Arcelormittal, 2010 U.S. Dist. LEXIS 133263, at *8 ("Indeed, the language of Rule 34 discusses production of 'documents' rather than paragraphs or sentences.").

The redaction of purportedly irrelevant information from a document deprives the receiving party of important context and deprives the party of an ability to independently assess whether the redacted information is, in fact, relevant or could lead to the discovery of admissible evidence. As summed up by one Court:

> Parties making such redactions unilaterally decide that information within a discoverable document need not be disclosed to their opponents, thereby depriving their opponents of the opportunity to see information in its full context and fueling mistrust about the redactions' propriety. And if the Court were to allow such a practice it would improperly incentivize parties to hide as much as they dare. That is a result at odds with the liberal discovery policies, the adversary process, and the Court's obligation to read the Rules 'to secure the just, speedy and inexpensive determination of every action and proceeding.

Burris, 2013 U.S. Dist. LEXIS 21851, at *9-*10.

These documents are manifestly relevant to the issue of who owns the LAVATEC Mark as they evidence, at a minimum, representations made by plaintiff concerning its claim to ownership and evidence plaintiff's intentions with respect to use of the LAVATEC mark in the United States. From the unredacted portions of the agreements at issue, it is plain that plaintiff has, among other things, made representations regarding ownership of the mark and has agreed to indemnify its licensees from claims of infringement. Defendant should be permitted to view those statements in context and assess for itself the relevancy of the remainder of those agreements. In light of the protective order in the action, there can be no claim of prejudice to

the plaintiff if the unredacted agreements are produced while the potential prejudice to the defendant is manifest.

**B.     LLT's Contentions**

    **1.     Background**

The sole issue scheduled to be decided by this Court concerns ownership of the LAVATEC Mark.  Defendant has requested:

Any document evidencing, concerning or referring to any actual or intended assignment, consent, authorization, license and/or permission to use any mark or designation consisting of or including the term LAVATEC.[3]

In response to defendant's request, plaintiff produced twelve (12) **current and active** distribution agreements in which plaintiff licensed the LAVATEC Mark.  Specifically, Plaintiff produced the document with all provisions concerning intellectual property or trademark rights.  Plaintiff redacted confidential and commercially sensitive business information that is wholly irrelevant to any issue in this Action.

In a good faith effort to assuage Defendant's discovery concerns relating to the redacted distribution agreements, Plaintiff offered to produce an unredacted table of contents to Defendant in order to evidence the fact that the only sections of the distribution contracts addressing any intellectual property issues had been produced unredacted[4].  Defendant refused

---

[3] Contrary to Defendant's assertion in note 2, plaintiff objected to Request No. 6 on relevancy grounds within its general objections to Defendant's Interrogatory Requests, all of which were incorporated within each of plaintiff's Interrogatory Responses.  Furthermore, within its Interrogatory Responses, Plaintiff specifically withheld waiving the right "to object to these Requests, the Responses, or the subject matter thereof, as to… relevancy."

[4] The sections left unredacted and produced to defendant are entitled, "Proprietary Rights."

to compromise but offered no reason why business information was needed in this intellectual property dispute..

## 2.      Argument

Plaintiff's redaction of irrelevant pricing and strategic information from its current and active distribution agreements is proper.

As noted by defendant, "[C]ourts have found redaction appropriate where the information redacted was not relevant to the issues in the case." *Bear Creek Cranberry Co. v. Cliffstar Corp.*, No. 10 Civ.007700, 2011 U.S. Dist. LEXIS 76787, at *7 (W.D.N.Y. July 15, 2011); *See also Spano v. Boeing Co.*, 2008 U.S. Dist. LEXIS 31306, 2008 WL 1774460, *2 (S.D.Ill. 2008); *Schiller v. City of New York*, 2006 U.S. Dist. LEXIS 88854, 2006 WL 3592547, *7 (S.D.N.Y. 2006).

As in the cited cases, only limited sections of the Plaintiff's distribution agreements are relevant to the issue of ownership of the LAVATEC Mark, and those portions were produced to Defendant. Moreover, the name of each of Plaintiff's distributors was left unredacted and produced to Defendant, leaving no information that is reasonably calculated to lead to the discovery of admissible evidence.  In light of the irrelevant and confidential nature of the remaining sections of Plaintiff's distribution agreements, coupled with the competitive nature between the parties, Plaintiff's production is proper.

## II.     Plaintiff's Privilege Log

### A.      Defendant Lavatec's Contentions

#### 1.      Background

On April 7, 2014, plaintiff produced its privilege log, a copy of which is attached at Tab A.  The log disclosed that a number of communications with third-parties have been withheld on the basis of the work-product immunity.  See, e.g., PL293-PL357.  In Lavatec's view, the documents were responsive to Lavatec's discovery requests and did not constitute protectable work product.  The parties conferred on these issues on April 14 and 15 and LLT has agreed to produce a number of the documents that it had withheld.  A dispute remains with regard to two categories of documents, which continue to be withheld by LLT.

The first category consists of communications between Dierk Reinhart (an attorney for LLT but not representing it in this litigation) and Ms. Monika Thunert regarding an affidavit prepared in connection with LLT's opposition to Lavatec's trademark registration before the United States Patent and Trademark Office.  These communications are identified as follows on the attached log:  PL0293-PL0295; PL0293 - PL0299; PL0300 - PL0304; PL0305 - PL0307; PL0308 - PL0311; PL0312 - PL0316; PL0317 - PL0323; PL0324 - PL0333).  LLT does not intend to call Ms. Thunert to testify at the trial of this matter, but it has stated its intention to offer her affidavit as evidence in this case.

The second category of documents consists of communications between Attorney Reinhart and Partic Naumann regarding an affidavit of submitted by LLT in support of its motion for summary judgment and motion for preliminary injunction.  (Docket No. # 54).  Mr. Naumann is a German attorney who represented the receiver of "Old Lavatec's"[5] parent company, Lavatec GmbH, in the German bankruptcy proceedings and, in particular, participated in the negotiation and drafting of the Asset Purchase Agreement pursuant to which

LLT claims to have acquired from the parent the United States rights to the LAVATEC mark. (See doc. # 54 at ¶ 3)  Mr. Naumann also served on the board of directors of Old Lavatec during its United States bankruptcy proceeding.  (Doc. # 71-12, at 11).  The communications are identified as follows on the attached log:  PLPL0334 - PL0340; PL0341 - PL0343; PL0348 - PL0353; PL0354 - PL0357).[6]  LLT intends to call Mr. Naumann at the trial of this matter.

## 2.    Argument

### a.    The Scheduled Documents are not Protectable Work Product.

First, the document numbered PL0341-PL0343, was authored by Mr. Naumann and not by any attorney for LLT.  (See Privilege Log, Tab A, at PL0341 - PL0343).  Because it was not authored by a party in anticipation of litigation within the meaning of Fed. R. Civ. P. 26(b)(3)(A), it is not protectable as work product. See, e.g., RICOH Co. Ltd. v. Aeroflex, Inc., 219 F.R.D. 66, 69 (S.D.N.Y. 2003).

Second, the remaining documents listed above are not properly withheld as work product and, even if they are, they should be produced under the circumstances of this case.

"The privilege derived from the work-product doctrine is not absolute.  Like other qualified privileges, it may be waived." United States v. Nobles, 422 U.S. 225, 239 (1975). There is no dispute that each of the documents being withheld has been disclosed to a third party outside the protection afforded by the attorney-client privilege.  Such disclosure does not necessarily constitute a waiver, however, since "[t]he waiver rule with respect to documents protected by the work product doctrine is different from that with regard to the attorney-client

---

[5] The defendant Lavatec acquired the business of Old Lavatec as a result of Old Lavatec's bankruptcy reorganization petition in the United States Bankruptcy Court for the District of Connecticut.

privilege because the former is concerned only with confidentiality vis-à-vis opposing counsel,
whereas the latter rule is concerning with confidentiality vis-à-vis anyone other than the
client." In re Grand Jury Subpoenas, 561 F. Supp. 1247, 1257 n.6 (E.D.N.Y. 1982).
"Instead, courts generally find waiver of work product protection only when 'the disclosure
substantially increases the opportunity for potential adversaries to obtain the information.'"
Go Medical Indus. Pty, Ltd. v. C.R. Bard, Inc., No. 3:95MC522 (DJS), 1998 U.S. Dist.
LEXIS 22919, at *22 (D. Conn. Aug. 14, 1998) (quoting In re Grand Jury Subpoenas, 561 F.
Supp. at 1257.

There is no indication that the scheduled communications between Attorney Reinhart,
on the one hand, and either Ms. Thunert or Mr. Naumann, on the other hand, were made
pursuant to any agreement or understanding of confidentiality or that either Ms. Thunert or
Mr. Naumann was under any obligation to maintain the confidentiality of those
communications. The unfettered disclosure of the purported work product in email
communications to third parties, therefore, substantially increased the likelihood that potential
adversaries would obtain Attorney Reinhart's asserted work product.

Moreover, with regard to the communications with Attorney Naumann, there can be no
dispute that Attorney Reinhart's client, plaintiff LLT, and Attorney Naumann, are adverse to
one another. Attorney Naumann was counsel for the German receiver of Lavatec GmbH, a
board member of Old Lavatec and negotiated the German Asset Purchase Agreement entered
into between Lavatec GmbH and plaintiff LLT on behalf of Lavatec GmbH.[7] Under those

---

[6] As a result of the parties' discussions, LLT has agreed to produce, among others, the
documents scheduled at PL0344 - PL0345 and PL0346 - PL0347.
[7] Mr. Naumann's affidavit itself demonstrates the adversity between his firm and LLT.
Even if Mr. Naumann's opinion as to the meaning of the German Asset Purchase Agreement

circumstances, it would be unreasonable to expect that Attorney Naumann would hold in

confidence communications from an attorney representing LLT concerning the very agreement

upon which the two parties were adverse to one another.  See Go Medical Indus. Pty, Ltd.,

1998 U.S. Dist. LEXIS 22919 at *22 (citing cases for proposition that voluntary disclosure of

work product to an adversary constitutes waiver of protection).

> ### b.    The Documents Should be Produced under Fed. R. Evid. 502(a).

Even if the identified communications with Ms. Thunert and Mr. Naumann were

protectable work-product, those documents should be produced.

Rule 502(a) of the Federal Rules of Evidence provides:

The following provisions apply, in the circumstances set out, to disclosure of a
communication or information covered by the ... work-product protection.
(a) When the disclosure is made in a Federal proceeding ... and waives the ... work-
product protection, the waiver extends to an undisclosed communication or information
... only if:

(1) the waiver is intentional;

(2) the disclosed and undisclosed communications or information concern the same
subject matter; and

(3) they ought in fairness to be considered together.

In this case, the plaintiff has produced the affidavit of Ms. Thunert in discovery and has

represented that it intends to put that affidavit into  evidence at trial on at least the issue of

---

were admissible or relevant, which it is not, Mr. Naumann claims in his affidavit that a critical
clause concerning Old Lavatec's use of the LAVATEC designation was inserted into the
German APA to protect the German bankruptcy receiver (i.e. his firm) from liability for
defects in the agreement and to limit that liability.  (Doc. 54 at ¶ 5)  Lavatec contends, among
other things, that the clause to which Mr. Naumann refers acted to put the purchaser (LLT) on
notice of Lavatec's rights in the LAVATEC mark.  Obviously, there is a disagreement as to
the meaning and efficacy of the clause inserted into the agreement ostensibly to protect the
German receiver (Mr. Naumann's firm) from liability, such that a defect in the German APA
may lead to liability on the part of Mr. Naumann's firm.

priority of use of the LAVATEC mark.  LLT has already relied upon the affidavit of Mr.

Naumann, which it filed in support of its preliminary injunction motion.  (See doc. # 54).  It is

clear, therefore, that any work product protection associated with those two affidavits has been

intentionally waived by their use in this litigation.  The provision of subsection (1) to Rule

502(a) therefore are met in this case.

　　　　Moreover, plaintiff's privilege log demonstrate that there are undisclosed

communications with each affiant that concern the same subject matter as the affidavits.  Thus,

subsection (2) of Rule 502(a) is satisfied.

　　　　What remains is subsection (3), which requires a finding that the disclosed statements

(the affidavits) and the undisclosed statements (the emails appearing on plaintiff's privilege log)

"ought in fairness be considered together."  According to the Advisory Committee Notes:

> The language concerning subject matter waiver - "ought in fairness"- is taken from
> Rule 106, because the animating principle is the same.  Under both Rules, a party that
> makes a selective, misleading presentation that is unfair to the adversary opens itself to
> a more complete and accurate presentation.[8]

　　　　It would be unfair to allow the plaintiff to place the two affidavits at issue without

disclosing the underlying communications between its counsel and the affiant that admittedly

"concern[]" the affidavit.  To permit this use would be to allow plaintiff to use the information

as a "sword" while, at the same time, prevent a full and fair airing of the matters in dispute by

asserting work product as a "shield."  This approach to discovery is inconsistent with the law

of this Circuit.  See, e.g.,  United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)

(noting, with regard to privilege, "the attorney-client privilege cannot at once be used as a

---

[8] Rule 106 provides: "If a party introduces all or part of a writing or recorded
statement, an adverse party may require the introduction, at that time, of any other part - or

shield and a sword"); see also Nobles, 422 U.S.at 239-40 (litigant may not both present the

trial testimony of an investigator as to statements he obtained from witnesses and refuse, on the

ground of work-product privilege, to produce relevant portions of the investigator's report for

use in cross-examining him). "In other words, a party cannot partially disclose privileged

communications or affirmatively rely on privileged communications to support its claim or

defense and then shield the underlying communications from scrutiny by the opposing party."

In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000).  Plaintiff should not be

allowed to do so here.

> ### c.      Lavatec Has a Substantial Need for the Documents.

Finally, even if the documents were properly withheld on the basis of work product and

their production is not mandated by Fed. R. Evid. 502(a), there exists a substantial need for

their production in this case.  Plaintiff LLT has stated that it intends to offer into evidence at

trial the affidavit of Ms. Thunert;[9] it already has offered the affidavit of Mr. Naumann and has

stated its intention to call Mr. Naumann as a witness at the trial.  The two witnesses are

German citizens who are not subject to the subpoena power of this Court and, even if it were

feasible to depose either witness in German, which it is not, such a deposition would be

extremely burdensome and expensive for Lavatec.

In that regard, LLT's position that Lavatec has been provided with an opportunity to

depose Ms. Thunert and Mr. Naumann and has "waived" its right to do so is not well taken.

From Lavatec's perspective, there was no reasonable opportunity to depose either individual in

this case.  German citizens cannot be made subject to compulsory process to submit to a

---

any other writing or recorded statement - that in fairness ought to be considered at the same
time."

deposition in a matter pending before a United States court.  The only prospect of voluntary

depositions that was discussed, thus, entailed Lavatec incurring the expense of conducting

depositions of the plaintiff's witnesses in Germany so that they would not have to attend the

trial.  Lavatec did not agree to undertake that burden and expense.

For the foregoing reasons, defendant requests that the Court order the production of the

documents identified as PL293-PL357 on plaintiff's privilege log.

### B.      LLT's Contentions

#### 1.      The Scheduled Documents Are Protectable Work Product

The communications with Patric Naumann and Monika Thunert are protected by the

work-product doctrine due to the fact that the scheduled documents contain mental impressions,

conclusions, opinions and/or legal theories of plaintiff's attorneys.

It is settled law that:

> In determining whether the work-product doctrine applies, a court
> must undertake a two-step analysis.  First, it must decide whether
> the sought "documents and tangible things" were "prepared in
> anticipation of litigation or for trial by or for another party or its
> representative."  Fed.R. Civ.P. 26(b)(3)(A).  The party asserting
> work-product protection bears the burden of proof on that step.  If
> the party asserting work-product protection meets its burden, then
> the court moves to the second step of analysis, which examines
> whether the evidence is nonetheless discoverable.  That requires
> the party seeking discovery to show that the documents and other
> things are otherwise discoverable under Rule 26(b)(1) and that the
> party "cannot, without undue hardship, obtain their substantial
> equivalent by other means."

*QBE Insurance Corp. v. Interstate Fire & Safety Equipment Company*, 2011 U.S. Dist. LEXIS

16406, at *5 (D. Conn. Feb. 18, 2011) (Underhill, J.).

---

[9] Defendant does not concede the admissibility of Ms. Thunert's affidavit.

A substantial number of federal courts have held that "draft affidavits and communications with counsel relating to affidavits [are] covered by the attorney work product doctrine." *Randleman v. Fidelity National Title Insurance Company*, 251 F.R.D. 281, 285 (N.D. Ohio 2008). This protection is accorded to draft affidavits and communications between counsel and non-party witnesses. *See Institute for the Development of Earth Awareness v. People for the Ethical Treatment of Animals*, 272 F.R.D. 124 (S.D.N.Y. 2011); *Live Nation Worldwide, Inc. v. Cohl*, 2011 U.S. Dist. LEXIS 132954, at *7 (S.D. Fla. Nov. 17, 2011).

Cases make clear that "[d]isclosure of work product to a third party does not waive its protection . . . ." *In re Grand Jury Subpoenas Dated December 18, 1981 and January 4, 1982*, 561 F. Supp.1247, 1257 (E.D.N.Y. 1982). *See also Live Nation Worldwide*, 2011 U.S. Dist. LEXIS 132954, at *7 ("[D]isclosure to a non-party of his or her affidavit does not, itself, negate work product protection.") Moreover, the "filing of the affidavits with the court did not waive the work product doctrine's protection of earlier material." *Randleman*, 251 F.R.D. at 286. "[E]ven when an executed affidavit has been affirmatively used in the litigation, and earlier drafts of the affidavit may contain facts not available in the final version, the unexecuted drafts do not lose their work product distinction." *Live Nation Worldwide*, 2011 U.S. Dist. LEXIS 132954, at *7. The Court's statement in *Institute for the Development of Earth Awareness* is particularly instructive here. In that case, the Court noted:

> The lawyer's drafts, which have not been adopted or executed by the non-party witness, do not lose their character as work product because a final executed version has been affirmatively used in the litigation. In this case, to the extent that drafts contained facts or supposed facts which PETA's lawyer elected to include in an earlier draft but decided not to include in the version which was served and filed, [movant] has made no showing of substantial need; this is because witnesses have been available to be examined at deposition and no other special circumstance exist. [Movant] elected not to take the deposition of these witnesses during the

discovery period.  To the extent that drafts reflected theories once held by PETA's counsel or strategies considered by counsel and abandoned, they are immune under Rule 26(b)(3)(B).

272 F.R.D. at 125.  *See also Handsome, Inc. v. Town of Monroe*, 2014 U.S. Dist. LEXIS 12447, at *15 (D. Conn. Jan. 31, 2014) ("[S]ubstantial need does not exist where the information sought can be obtained through depositions.")

Regarding the communications between attorney Dierk Reinhardt and Ms. Monika Thunert, Attorney Reinhardt was representing plaintiff before the Trademark Trial and Appeal Board ("TTAB") against defendant in matters identical to those at issue before this Court.  The communications between attorney Reinhardt and Ms. Thunert regarding the affidavit were made in anticipation of litigation before the TTAB.

### 2.    Defendant Has No Substantial Need for the Documents

As noted during the parties' meet and confer call on March 27, 2014, and reflected in the parties' Joint Status Report [Docket # 94], defendant was provided with an opportunity to depose Mr. Naumann and Ms. Thunert, but chose to forego such a course of action as a strategic litigation strategy.   Contrary to defendant's assertions, defendant never inquired as to the availability of Mr. Naumann or Ms. Thunert to sit for a deposition in the United States, but merely choose not to depose them. Therefore, defendant effectively waived its right to do so, including the opportunity to question Ms. Thunert and Mr. Naumann regarding their affidavits and corresponding communications with plaintiff's counsel.

Moreover, Defendant was aware of the existence of Ms. Thunert and Mr. Naumann's affidavit, and the likelihood of communications relating thereto, for several years during the pendency of the TTAB litigation and again when the subject affidavits were submitted in support of plaintiff's Motions for Preliminary Injunction and Summary Judgment in this litigation.

However, in addition to waiving its right to depose either party, defendant has not even attempted to contact Mr. Naumann or Ms. Thunert regarding this matter at any time.

Accordingly, the work-product designations concerning the Naumann and Thunert affidavits and accompanying communications are proper.


Plaintiff,

LAVATEC LAUNDRY TECHNOLOGY GMBH

By:  /s/ John E. Greene
    David A. Slossberg
    Hurwitz, Sagarin, Slossberg & Knuff, LLC
    147 N. Broad Street
    P.O. Box 112
    Milford, CT  06460
    Tel:  (203) 877-8000
    Fax: (203) 878-9800
    Dslossberg@hssklaw.com


    -and-

    John E. Greene
    Klein Moynihan Turco LLP
    450 Seventh Avenue
    New York, NY  10123
    Tel:  212-246-0900
    Fax: 212-216-9559
    jgreene@kleinmoynihan.com

    Its Attorneys

Defendant,

LAVATEC, INC.

By:  /s/Patrick M. Fahey
    Patrick M. Fahey (ct13862)
    Susan S. Murphy (ct25321)
    Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06103-1919
    Tel: 860.251.5000
    Fax: 860.251.5219
    pfahey@goodwin.com
    smurphy2@goodwin.com

    -and-

    John C. Linderman
    McCormick, Paulding & Huber LLP
    185 Asylum Street, Cityplace II
    Hartford, CT 06103-3410
    Ph: 860 549-5293
    lind@ip-lawyers.com

    Its Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2014, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing as indicated below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Patrick M. Fahey

# TAB A

## UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAVATEC LAUNDRY TECHNOLOGY GMBH, <br> On Behalf of Itself and as Successor in Interest to <br> LAVATEC GMBH and <br> LAVATEC-WASCHEREIMASCHINEN GMBH CO <br> KG, <br>              Plaintiff <br>     v. <br><br> LAVATEC, INC., <br><br>        Defendant-Counterclaimant <br>     v. <br><br> LAVATEC LAUNDRY TECHNOLOGY GMBH, <br> LAVATEC LAUNDRY TECHNOLOGY INC., <br> THRASHER INTERNATIONAL LLC, <br> MARK THRASHER, and <br> WOLF-PETER GRAESER, <br><br>       Counterclaim-Defendants | : <br> : <br> : <br> : <br> :    Civil Action <br> :    No. 3:13cv00056 (SRU)(WIG) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :    April 7, 2014 <br> : <br> : <br> : <br> : <br> : |

### PLAINTIFF'S PRIVILEGE LOG

Plaintiff Lavatec Laundry Technology GmbH, hereby submits its privilege log, attached

hereto as Exhibit A, with respect to documents served in the above-captioned matter.

THE PLAINTIFF

By: /s/ John Greene_____
John E. Greene
Klein Moynihan Turco LLP
450 Seventh Avenue
New York, NY 10123
Tel: 212-246-0900
Fax: 212-216-9559
jgreene@kleinmoynihan.com

-and-

David A. Slossberg
Hurwitz, Sagarin, Slossberg & Knuff, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT  06460
Tel:  (203) 877-8000
Fax: (203) 878-9800
Dslossberg@hssklaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been served electronically, on April 7,

2014, to the following counsel of record:


John C. Linderman, Esq.
McCormick, Paulding & Huber
CityPlace II
185 Asylum St.
Hartford, CT 06103-4102
860-549-5290
Fax: 860-527-0464
Email: lind@ip-lawyers.co

Patrick M. Fahey, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103
860-251-5000
Fax: 860-251-5219
Pfahey@goodwin.com




                                        /s/ John Greene_____
                                        John Greene

# EXHIBIT A
# PLAINTIFF'S PRIVILEGE LOG

| Bates Begin | Bates End | Status | Privilege | Author | Recipients | Date | Privilege Reason |
|---|---|---|---|---|---|---|---|
| PL0001 | PL0007 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Mark Thrasher, Andrea Fiocchi, Esq., Marcela Castro, Esq., Marie-Astrid Roger Roussel, Esq. | 1/20/11 | Email correspondence containing legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0008 | PL0009 | Withheld | Attorney-Client | Peter Graeser | Sarah E. Tallent, Esq., Wolf-Peter Graeser | 12/13/10 | Email correspondence requesting legal advice Re: Lavatec, Inc. bankruptcy proceeding. |
| PL0008 | PL0009 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Mark Thrasher, Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 12/13/10 | Email correspondence Re: legal advice concerning Lavatec, Inc. bankruptcy proceeding. |
| PL0010 | PL0011 | Withheld | Attorney-Client | Mark Thrasher | Sarah E. Tallent, Esq., Andrea Fiocchi, Esq., Wolf-Peter Graeser | 12/15/10 | Email correspondence requesting legal advice Re: Lavatec, Inc. bankruptcy proceeding. |
| PL0012 | PL0014 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Mark Thrasher, Andrea Fiocchi, Esq. | 12/8/10 | Email correspondence containing legal advice re: opposition to Defendant's application before the TTAB. |
| PL0018 | PL0019 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Marie-Astrid Roger Roussel, Esq. | 2/15/11 | Email correspondence containing legal advice and attorney work product concerning opposition to Defendant's application before the TTAB. |
| PL0017 | PL0019 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Andrea Fiocchi, Esq., Wolf-Peter Graeser, Sarah E. Tallent, Marie-Astrid Roger Roussel, Esq. | 2/15/11 | Email correspondence containing legal advice and attorney work product concerning opposition to Defendant's application before the TTAB. |
| PL0016 | PL0019 | Withheld | Attorney-Client | Mark Thrasher | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq., Marie-Astrid Roger Roussel, Esq. | 2/25/11 | Email correspondence requesting legal advice Re: Lavatec, Inc. bankruptcy proceeding. |
| PL0015 | PL0019 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq., Marie-Astrid Roger Roussel, Esq. | 2/25/11 | Email correspondence containing legal advice Re: legal advice concerning Lavatec, Inc. bankruptcy proceeding. |
| PL0020 | PL0021 | Withheld | Attorney-Client | Mark Thrasher | Sarah E. Tallent, Esq., Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 11/30/10 | Email correspondence containing legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0022 | PL0032 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Mark Thrasher, Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 12/1/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |

{00117681.1}

## EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

| | | | | Author | Recipient(s) | Date | Description |
|---|---|---|---|---|---|---|---|
| PL0033 | PL0036 | Withheld | Attorney-Client | Mark Thrasher | Sarah E. Tallent, Esq., Andrea Fiocchi, Esq., Wolf-Peter Graeser | 12/2/10 | Email correspondence requesting legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0057 | PL0061 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Mark Thrasher, Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 12/2/10 | Email correspondence containing attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL0037 | PL0041 | Withheld | Attorney-Client | Mark Thrasher | Sarah E. Tallent, Esq., Andrea Fiocchi, Esq., Wolf-Peter Graeser | 12/4/10 | Email correspondence requesting legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0042 | PL0047 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Mark Thrasher, Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 12/5/10 | Email correspondence containing attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL0048 | PL0054 | Withheld | Attorney-Client | Mark Thrasher | Sarah E. Tallent, Esq., Wolf-Peter Graeser | 12/6/10 | Email correspondence requesting legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0055 | PL0061 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq. | 12/6/10 | Email correspondence containing attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL0062 | PL0062 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Mark Thrasher, Andrea Fiocchi, Esq. | 11/30/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL0063 | PL0064 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Mark Thrasher, Andrea Fiocchi, Esq. | 12/5/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL0065 | PL0074 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq., Mark Thrasher | 11/26/10 | Email correspondence requesting legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0075 | PL0083 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 11/25/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL0084 | PL0084 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq., Mark Thrasher | 11/24/10 | Email correspondence containing work product Re: opposition to Defendant's application before the TTAB. |
| PL0085 | PL0086 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher | 11/24/10 | Email correspondence containing legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0087 | PL0088 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 11/19/10 | Email correspondence containing legal advice Re: intellectual property issues. |
| PL0089 | PL0091 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq. | 11/19/10 | Email correspondence requesting legal advice Re: intellectual property issues. |

## EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| PL.0092 | PL.0094 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq | 11/19/10 | Email correspondence containing legal advice Re: intellectual property issues. |
| PL.0095 | PL.0098 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Steffen Kern, Wolf-Peter Graeser, Sarah E. Tallent, Mark Thrasher | 11/19/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL.0099 | PL.0100 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq. | 11/6/10 | Email correspondence containing work product Re: opposition to Defendant's application before the TTAB. |
| PL.0102 | PL.103 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 10/11/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL.0101 | PL.101 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Mark Thrasher, Andrea Fiocchi, Esq. | 10/7/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL.0104 | PL.0107 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Andrea Fiocchi, Esq., Mark Thrasher | 10/11/10 | Email correspondence requesting legal advice Re: opposition to Defendant's application before the TTAB. |
| PL.0108 | PL.0108 | Withheld | Attorney-Client | Wolf-Peter Graeser | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 10/9/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL.0109 | PL.0110 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 10/9/10 | Email correspondence containing work product Re: opposition to Defendant's application before the TTAB. |
| PL.0111 | PL.0111 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Andrea Fiocchi, Esq., Sarah E. Tallent, Esq. | 11/3/10 | Email correspondence containing legal advice and attorney work product Re: opposition to Defendant's application before the TTAB. |
| PL.0112 | PL.0113 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq. | 11/3/10 | Email correspondence containing work product Re: opposition to Defendant's application before the TTAB. |
| PL.0114 | PL.0117 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 9/29/10 | Email correspondence containing legal advice Re: intellectual property issues and Lavatec, Inc. bankruptcy proceeding. |
| PL.0118 | PL.0119 | Withheld | Attorney-Client | Mark Thrasher | Andrea Fiocchi, Esq., Wolf-Peter Graeser | 9/29/10 | Email correspondence requesting legal advice Re: intellectual property issues. |
| PL.0120 | PL.0121 | Withheld | Attorney-Client | Mark Thrasher | Andrea Fiocchi, Esq., Wolf-Peter Graeser | 9/29/10 | Email correspondence requesting legal advice Re: Lavatec, Inc. bankruptcy proceeding. |
| PL.0122 | PL.0123 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Andrea Fiocchi, Esq. | 9/30/10 | Email correspondence containing work product Re: opposition to Defendant's application before the TTAB. |

# EXHIBIT A
# PLAINTIFF'S PRIVILEGE LOG

| Bates Begin | Bates End | Status | Privilege | Author | Recipient(s) | Date | Description |
|---|---|---|---|---|---|---|---|
| PL0124 | PL0129 | Withheld | Attorney-Client | Mark Thrasher, Wolf-Peter Graeser | | 9/30/10 | Email correspondence containing legal advice Re: intellectual property issues and Lavatec, Inc. bankruptcy proceeding. |
| PL0130 | PL0134 | Withheld | Attorney-Client | Wolf-Peter Graeser, Mark Thrasher | | 9/30/10 | Email correspondence transmitting correspondence between counsel and Dean Baker, Esq. |
| PL0135 | PL0140 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 10/01/10 | Email correspondence transmitting correspondence between counsel and Dean Baker, Esq. |
| PL0141 | PL0146 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 10/1/10 | Email correspondence transmitting correspondence between counsel and Dean Baker, Esq. |
| PL0147 | PL0153 | Withheld | | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq., Marcela Castro, Esq. | 10/12/10 | Email correspondence transmitting correspondence between counsel and Dean Baker, Esq. and containing legal advice Re: intellectual property issues. |
| PL0154 | PL0160 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq. | 10/20/10 | Email correspondence requesting legal advice Re: intellectual property issues. |
| PL0161 | PL0168 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Sarah E. Tallent, Esq. | 10/22/10 | Email correspondence containing legal advice Re: intellectual property issues. |
| PL0169 | PL0177 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq., Mark Thrasher | 10/25/10 | Email correspondence requesting legal advice Re: Lavatec, Inc. bankruptcy proceeding. |
| PL0178 | PL0179 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Mark Thrasher, Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 9/30/10 | Email correspondence concerning Lavatec, Inc. amendment to Schedule B. |
| PL0180 | PL0180 | Withheld | Attorney-Client | Mark Thrasher | Wolf-Peter Graeser, Sarah E. Tallent, Esq., Andrea Fiocchi, Esq. | 9/29/10 | Email correspondence concerning Lavatec, Inc. intellectual property issues. |
| PL0181 | PL0182 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq. | 9/29/10 | Email correspondence concerning legal advice Re: intellectual property issues. |
| PL0183 | PL0184 | Withheld | Attorney-Client | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | | 9/30/10 | Email correspondence concerning legal advice Re: Lavatec, Inc. bankruptcy proceeding. |

{00117681.1}

# EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

| | | | | | | |
|---|---|---|---|---|---|---|
| PL0185 | PL0188 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Mark Thrasher, Wolf-Peter Graeser, Andrea Fiocchi, Esq. | 9/24/10 | Email correspondence concerning trademark application. |
| PL0189 | PL0189 | Withheld | Attorney Work Product | Dirk Reinhardt, Esq. | Andrea Fiocchi, Esq. | 9/24/10 | Email correspondence concerning asset purchase agreement. |
| PL0190 | PL0191 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 9/24/10 | Email correspondence concerning various intellectual property issues. |
| PL0192 | PL0192 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 9/23/10 | Email correspondence Re: Defendant's application before the TTAB. |
| PL0193 | PL0194 | Withheld | Attorney-Client | Steffen Kern | Andrea Fiocchi, Esq. | 9/24/10 | Email correspondence Re: Defendant's application before the TTAB. |
| PL0195 | PL0198 | Withheld | Attorney Work Product | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq. | 9/23/10 | Email correspondence containing legal advice and attorney work product Re: intellectual property issues. |
| PL0199 | PL0202 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq. | 9/21/10 | Email correspondence containing legal advice Re: intellectual property issues. |
| PL0203 | PL0204 | Withheld | Attorney-Client | Mark Thrasher | Andrea Fiocchi, Esq., Sarah E. Tallent, Wolf-Peter Graeser | 9/21/10 | Email requesting legal advice Re: intellectual property issues and Lavatec, Inc. bankruptcy proceeding. |
| PL0205 | PL0209 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq. | 9/21/10 | Email correspondence transmitting correspondence between counsel and Dean Baker, Esq. |
| PL0210 | PL0211 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq., Marcela Castro, Esq. | 9/17/10 | Email correspondence containing legal advice Re: Lavatec, Inc. bankruptcy proceeding and intellectual property issues. |
| PL0212 | PL0213 | Withheld | Attorney-Client | Mark Thrasher | Andrea Fiocchi, Esq. | 9/17/10 | Email correspondence concerning legal advice Re: Lavatec, Inc. bankruptcy proceeding. |
| PL0214 | PL0214 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq., Dirk Reinhardt, Esq. | 9/10/10 | Email correspondence Re: opposition to Defendant's application before the TTAB. |

## EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| PL0215 | PL0216 | Withheld | Attorney-Client | Mark Thrasher | Andrea Fiocchi, Esq. | 9/16/10 | Email correspondence Re: correspondence to Lavatec, Inc. |
| PL0217 | PL0219 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Andrea Fiocchi, Esq., Dierk Reinhardt, Esq. | 9/2/10 | Email correspondence concerning opposition to Defendant's application before the TTAB. |
| PL0220 | PL0222 | Withheld | Attorney-Client | Wolf-Peter Graeser | Andrea Fiocchi, Esq. | 9/3/10 | Email correspondence requesting legal advice Re: intellectual property issues. |
| PL0223 | PL0223 | Withheld | Attorney-Client | Sarah E. Tallent, Esq. | Wolf-Peter Graeser, Andrea Fiocchi, Esq., Dierk Reinhardt, Esq. | 9/13/10 | Email correspondence Re: bankruptcy proceeding. |
| PL0224 | PL0231 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Mark Thrasher, Sarah E. Tallent, Esq., Dierk Reinhardt, Esq. | 8/31/10 | Email correspondence containing legal advice Re: opposition to Defendant's application before the TTAB. |
| PL0232 | PL0240 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Mark Thrasher, Wolf-Peter Graeser, Sarah E. Tallent, Esq. | 8/30/10 | Email correspondence Re: intellectual property issues and Lavatec, Inc. bankruptcy proceeding. |
| PL0241 | PL0249 | Withheld | Attorney-Client | Mark Thrasher | Andrea Fiocchi, Esq., Sarah E. Tallent, Esq., Wolf-Peter Graeser | 8/31/10 | Email correspondence Re: intellectual property issues and Lavatec, Inc. bankruptcy proceeding. |
| PL0250 | PL0251 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Sarah E. Tallent, Esq., Marcela Castro, Esq. | 7/27/10 | Email correspondence Re: intellectual property issues and Lavatec, Inc. bankruptcy proceeding. |
| PL0252 | PL0253 | Withheld | Attorney-Client | Andrea Fiocchi, Esq. | Wolf-Peter Graeser, Dierk Reinhardt, Esq., Sarah E. Tallent, Esq., Marcela Castro, Esq. | 8/16/10 | Email correspondence Re: intellectual property issues. |
| PL0254 | PL0257 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Herbert Butz, Steffen Kern | 12/28/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0258 | PL0263 | Withheld | Attorney Work Product | Herbert Butz | Dierk Reinhardt, Esq. | 01/09/12 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0264 | PL0270 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Herbert Butz, Wolf-Peter Graeser, Steffen Kern | 02/29/12 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |

{00117681.1}

## EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

| PL0271 | PL0272 | Attorney Work Product | Dierk Reinhardt, Esq. | Herbert Butz, Wolf-Peter Graeser, Steffen Kern | 05/01/12 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
|---|---|---|---|---|---|---|
| PL0273 | PL0276 | Attorney Work Product/ Attorney-Client | Dierk Reinhardt, Esq. | Uwe Fleischer, Steffan Kern | 12/22/11 | Email correspondence containing attorney work product concerning client affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0277 | PL0280 | Attorney Work Product/ Attorney-Client | Dierk Reinhardt, Esq. | Uwe Fleischer, Steffan Kern | 12/28/11 | Email correspondence containing attorney work product concerning client affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0281 | PL0290 | Attorney Work Product/ Attorney-Client | Dierk Reinhardt, Esq. | Uwe Fleischer | 04/13/12 | Email correspondence containing attorney work product concerning client affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0291 | PL0292 | Attorney Work Product/ Attorney-Client | Dierk Reinhardt, Esq. | Uwe Fleischer, Steffan Kern, Wolf-Peter Graeser | 04/16/12 | Email correspondence containing attorney work product concerning client affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0293 | PL0295 | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert | 10/19/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0293 | PL0299 | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 10/27/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0300 | PL0304 | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 10/26/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0305 | PL0307 | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 10/27/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |

{00117681;1}

## EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| PL0308 | PL0311 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 10/27/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0312 | PL0316 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 10/31/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0317 | PL0323 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 11/01/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0324 | PL0333 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Monika Thunert, Wolf-Peter Graeser | 11/06/11 | Email correspondence containing attorney work product concerning affidavit in support of Opposition to Defendant's application before the TTAB. |
| PL0334 | PL0340 | Withheld | Attorney Work Product | Patric Naumann, Esq. | Patric Naumann, Esq. | 09/26/13 | Email correspondence containing attorney work product concerning affidavit in support of motion in current litigation. |
| PL0341 | PL0343 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Dierk Reinhardt, Esq. | 10/01/13 | Email correspondence containing attorney work product concerning affidavit in support of motion in current litigation. |
| PL0344 | PL0345 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Patric Naumann, Esq. | 12/10/13 | Email correspondence containing attorney work product concerning affidavit in support of motion in current litigation. |
| PL0346 | PL0347 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Patric Naumann, Esq. | 12/17/13 | Email correspondence containing attorney work product concerning affidavit in support of motion in current litigation. |
| PL0348 | PL0353 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Patric Naumann, Esq. | 09/29/13 | Email correspondence containing attorney work product concerning affidavit in support of motion in current litigation. |
| PL0354 | PL0357 | Withheld | Attorney Work Product | Dierk Reinhardt, Esq. | Patric Naumann, Esq. | 10/01/13 | Email correspondence containing attorney work product concerning affidavit in support of motion in current litigation. |