UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAVATEC LAUNDRY TECHNOLOGY,
GmbH,
    Plaintiff,

    v.

LAVATEC, INC.,
    Defendant.

No. 3:13cv00056 (SRU)

## ORDER ON MOTION FOR RESOLUTION OF DISCOVERY DISPUTE

    This case concerns a trademark infringement dispute between the plaintiff, Lavatec Laundry Technology, GmbH ("LLT"), and the defendant, Lavatec, Inc. ("Lavatec"), who are both engaged in the business of manufacturing, selling, and servicing industrial and commercial laundry equipment. On April 17, 2014, I held a telephone conference with the parties to address their Joint Motion for Resolution of Discovery Dispute (doc. # 98). During that conference, I decided a portion of the discovery dispute, but held in abeyance a ruling on the remaining issues and ordered the plaintiff to produce the relevant disputed documents for in camera review. This order concerns those remaining issues, specifically whether certain items listed in the privilege log LLT produced to Lavatec are non-discoverable work product and, accordingly, whether Lavatec may compel production of those documents.

    The documents at issue here are divided into two categories. The first category includes e-mails and attachments sent by Dierk Reinhart, an attorney for LLT in related litigation, and Monika Thunert, a non-party, regarding an affidavit prepared in connection with LLT's opposition to Lavatec's trademark registration before the United States Patent and Trademark Office. The second category of documents consists of communications between Reinhart and

Patric Naumann regarding an affidavit submitted by LLT in support of its motion for summary judgment and preliminary injunction in the instant case (doc. # 54).  Naumann, also a non-party, is an attorney who represented the receiver of "Old Lavatec."[1]  Lavatec argues that the documents in both categories are not attorney work product, and that even if they are, they should be produced because LLT has waived the work-product privilege by disclosing the final, executed affidavits to third parties.  For the reasons set forth below, I hold that Lavatec has not met its burden of proof that the items included in LLT's privilege log are otherwise discoverable.  Accordingly, I will not require LLT to produce those documents.

**I.     Legal Standard**

The scope of discovery under the Federal Rules is defined broadly: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Rule 26, however, provides for several exceptions to the Federal Rules' policy of liberal discovery.  The work-product doctrine is one such example.  Rule 26(b)(3)(A) provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 23(b)(3) "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries."  *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman v.*

---

[1] "Old Lavatec" is the former wholly-owned United States subsidiary of Lavatec, and was purchased pursuant to a sale of assets in the United States Bankruptcy Court for the District of Connecticut.

*Taylor*, 329 U.S. 495, 510-11 (1947)); 8 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2024 (3d ed. 2010) ("[T]he purpose of the work-product rule 'is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials.'"). At the core of protected work product are "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation;" under Rule 26, that kind of opinion evidence is absolutely protected. Fed. R. Civ. P. 26(b)(3)(B). In determining whether the work-product doctrine applies, a court must undertake a two-step analysis. First, it must decide whether the sought "documents and tangible things" were "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The party asserting work-product protection bears the burden of proof on that step. If the party asserting work-product protection meets its burden, then the court moves to the second step of analysis, which examines whether the evidence is nonetheless discoverable. That requires the party seeking discovery to show that the documents and other tangible things are otherwise discoverable under Rule 26(b)(1) and that the party "cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*

**II.     Discussion**

   A. <u>Whether the Communications are Protected Work Product</u>

The parties agree that the documents were prepared in anticipation of litigation.[2]  A review of the documents shows that they were prepared by counsel. Thus, Lavatec must show

---

[2] Lavatec notes one possible exception, the document numbered PL0341-PL0343, which was authored by Naumann, who is not a party. I agree that page PL0341 and the top half of page PL 0342 do not constitute work product, and must be produced.

that the evidence is otherwise discoverable, that it has a substantial need for that evidence, and that it cannot obtain a substantial equivalent without undue hardship.

The gravamen of Lavatec's argument for discovery of the communications is that LLT has waived work-product protection by disclosing those communications to third parties. It is well-established that "[t]he privilege derived from the work-product doctrine is not absolute" and may be waived. *United States v. Nobles*, 422 U.S. 225, 239 (1975). It is also true, however, that, unlike work protected by the attorney-client privilege, mere disclosure of evidence to a third party does not necessarily waive work-product protection. *See United States v. Deloitte LLP*, 610 F.3d 129 (D.C. Cir. 2010). Rather, the standard articulated for determining when work-product protection has been waived is whether "the disclosure substantially increases the opportunity for potential adversaries to obtain the information." *In re Grand Jury Subpoenas,* 561 F .Supp. 1247, 1257 (E.D.N.Y. 1982); *see Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 587 (N.D.N.Y. 1989); *Go Med. Indus. Pty., Ltd. v. C.R. Bard, Inc.*, 1998 WL 1632525, at *7 (D. Conn. Aug. 14, 1998), *judgment rev'd in part, vacated in part sub nom. Go Med. Indus. Pty, Ltd. v. C.R. Bard, Inc.*, 250 F.3d 763 (Fed. Cir. 2000); 8 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2024 (3d ed. 2010).

Lavatec contends that Reinhart's email communication of purported work product to Thunert, without any agreement or understanding of confidentiality with respect to those communications, substantially increased the likelihood that potential adversaries would obtain those communications. That argument is unavailing. Lavatec offers no support in the caselaw or otherwise for the proposition that without an explicit confidentiality agreement or understanding, an attorney's communications with a third party necessitate the automatic waiver of work-

product protections.[3]  Lavatec's arguments with respect to the communications between Reinhart and Naumann are on somewhat stronger footing but nevertheless fall short.  Lavatec contends that LLT and Naumann are actually adverse to each other and, therefore, any disclosure of work product to Naumann is a disclosure to a potential adversary.  Although he represented the receiver of Lavatec GmbH, was a board member of Old Lavatec, and negotiated the German Asset Purchase Agreement between LLT and Lavatec GmbH, it is unclear whether Naumann is a potential adversary, much less an actual one.  In any event, it seems that if Naumann were an actual adversary of LLT in this litigation, he could himself disclose his communications with Reinhart to Lavatec.  Assuming that he has not done so, I am left with the impression that Naumann is not only not actually adverse to LLT, but also that, if the communications disclosed to Naumann have not yet reached Lavatec, the likelihood of their disclosure to any other potential adversaries is less than substantial.

Lavatec's second effort to compel production of LLT's work product arises out of the Federal Rules of Evidence rather than the Rules of Civil Procedure.  Lavatec attempts to compel production of both categories of documents by arguing that even if they are protectable work product, they should be produced pursuant to Rule 502(a) of the Federal Rules of Evidence.  Rule 502(a) provides that in circumstances of the disclosure of protected work-product and waiver of work-product protection in a federal proceeding:

> the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:  (1) the waiver is intentional;  (2) the disclosed and undisclosed

---

[3] Further, there may be, at least, an expectation of confidentiality on both parties' part implied by the standard-form confidentiality language attached to the footer of the email transmissions by Reinhart to Thunert which direct third-party recipients of those emails to immediately delete the emails and to contact the sender upon receipt.  Similar, but even more strongly-worded confidentiality language is attached to the footer of the email transmissions between Reinhart and Naumann.

>communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Because LLT has intentionally produced the final, executed affidavits, Lavatec argues, any work-product protection associated with those affidavits—including the undisclosed draft affidavits and other materials concerning the affidavits—is waived because it would be unfair to do otherwise.

Rule 502(a) generally applies to circumstances in which a party attempts to gain advantage by waiving protection of some protected work product in order to selectively present information in a misleading way. That is not the case here. LLT has produced final, executed affidavits, but has not sought to introduce any other protected information. It cannot be that simply because a party produces an affidavit, any materials associated with preparing that affidavit—including attorney work product—are automatically fair game for discovery. Lavatec argues that such is the case if fairness requires, but points to no court decision or other source for support other than a case concerning the attorney-client privilege, *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), and two cases concerning circumstances in which a party attempted to selectively disclose work product, *see Nobles*, 422 U.S. at 239-40, and *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). None of those cases is particularly relevant to Lavatec's argument. Further, many courts inside and outside this Circuit have held that disclosure of a final, executed affidavit does not open the door to discovery of the materials or communications that went into creating that affidavit. *See Institute for the Development of Earth Awareness v. People for the Ethical Treatment of Animals*, 272 F.R.D. 124 (S.D.N.Y. 2011) (draft affidavits and communications and between counsel and non-party witnesses are protected where drafts were not adopted or executed by non-party witnesses and witnesses were available for deposition but plaintiff chose not to examine them); *see also Randleman v. Fidelity National*

*Title Insurance Co*, 251 F.R.D. 281, 285 (N.D. Ohio 2008); 8 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2024 (3d ed. 2010) ("[D]isclosure of a document to third persons does not waive the work-product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information.  Most cases have so held and have found no waiver from disclosure.").  Accordingly, I hold that the communications included as PL293-PL357 on LLT's privilege log, with the exception of the document not authored by LLT's attorney and those produced upon agreement by the parties, are protected attorney work product.  I next turn to the question whether Lavatec has shown that it has a substantial need for the documents and cannot obtain their substantial equivalent without undue hardship.

  B.  Whether Lavatec Has Shown Substantial Need

Lavatec argues that it has a "substantial need" for the documents, even if they are protectable work product, because it has not deposed either Thunert or Naumann and believes that Thunert's affidavit and Naumann himself will be offered at trial.  Lavatec claims that it has not deposed either witness because it cannot require German citizens to attend depositions in the United States and did not wish to bear the costs of traveling to Germany to depose them.  LLT responds that Lavatec's decision to forgo deposing those potential witnesses constitutes a waiver of any right to request disclosure of protected work product.  For practical reasons, I do not need to address either argument.  Naumann will likely be made available for examination at trial and, in any event, I will permit Lavatec to depose Naumann in the United States before the bench trial, thus obviating any "substantial need" for the material underlying the affidavits already before the Court.  *See Handsome, Inc. v. Town of Monroe*, 2014 WL 348196, at *6 (D. Conn. Jan. 31, 2014) (substantial need does not exist where the information can be sought through deposition). With respect to Thunert, it is not likely that her affidavit, which is not before the

Court, will be admissible.  Therefore, there is no substantial need for the affidavit or any communications or draft affidavits associated with it.

### III.     Conclusion

Because Lavatec has not met its burden to demonstrate that the items contained in LLT's privilege log are otherwise discoverable or that LLT has waived any work-product protection, its request for production of those documents as set forth in the parties' joint motion (doc. # 98) is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 25th day of April 2014.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge