UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAVATEC LAUNDRY TECHNOLOGY, GmbH,<br>      Plaintiff,<br><br>    v.<br><br>LAVATEC, INC.,<br>      Defendant. | No. 3:13-cv-56 (SRU) |

### MEMORANDUM OF DECISION AND AMENDED INJUNCTION ORDER

Plaintiff Lavatec Laundry Technology, GmbH ("LLT") is a German company that manufactures commercial laundry equipment under the Lavatec mark[1] and distributes its products in the United States through a distributor under the same ownership. Defendant Lavatec, Inc. ("New Lavatec") is a United States company that manufactures and distributes laundry-folding machines bearing the Lavatec mark in the United States, and also services laundry equipment and sells refurbished equipment and parts. At the start of this litigation, LLT and New Lavatec both claimed to hold the exclusive right to use the Lavatec mark in the United States, which they claimed to have acquired through their respective purchases of the assets of former Lavatec entities. After a bench trial, I held that the plaintiff, LLT, is the owner of the Lavatec trademark (doc. # 113). The status of the trade *name*, however, was not resolved, and New Lavatec continues using the trade name for what it contends are non-trademark uses. LLT seeks to permanently enjoin those uses. I have considered the evidence and the arguments in connection with the briefing for a preliminary injunction, the trial, and the briefing for the present motion, and I grant the modified relief of a preliminary injunction.

---

[1] The Lavatec mark consists of the word "Lavatec," particularly in the design shown in Exhibit A, attached hereto.

To obtain a permanent injunction in a trademark action, a party who has otherwise succeeded on the merits must establish: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)); *see also U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 539 (S.D.N.Y. 2011) (noting that "*Salinger* suggest[s] that [trademark infringement] cases should be analyzed under the standards for injunctive relief articulated by the Supreme Court in *eBay*").

In a trademark action, irreparable injury can be shown by likelihood of confusion, *see Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 129 (2d Cir. 2004) ("[I]n a trademark infringement case, proof of a likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm."), which is evaluated by the eight *Polaroid* factors. *See Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004) (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)). LLT argues that all of the *Polaroid* factors weigh heavily in its favor, and I agree, but likelihood of confusion is moreover clear simply because New Lavatec persists in using a mark and logo that are not merely similar but in fact *identical* to LLT's, and because New Lavatec persists in using them on the same class of goods and services as LLT's. It can hardly be doubted that confusion will result when a consumer is faced with New Lavatec's laundry-folding machines bearing a name and mark identical to LLT's, or with materials related to New Lavatec's laundry-machine servicing business bearing that same name and mark.

LLT has established that it has no adequate remedy at law, because consumer confusion may result in harm to its reputation and goodwill, which harm is not precisely quantifiable, and because assurances are necessary against New Lavatec's continued infringement. The balance of the equities favors LLT, because LLT owns the mark, and confusion will result from New Lavatec's ongoing use of the name and mark in connection with laundry products and services. There might be some limited use of the trade name that theoretically would not result in confusion and which would alter the weight of the equities, but New Lavatec has not proposed such a limited usage. Finally, the public interest is served by the protection of property interests in trademarks, and no circumstances exist in the present case to suggest that the public interest would be disserved by an injunction. In sum, the standard for the issuance of an injunction is easily met.

However, I do not take lightly the equities of enjoining a trade name that has been in use for some time, and though New Lavatec has not proposed a sufficiently-limited use of the name that would not cause confusion or infringe on LLT's mark, this litigation is not yet at its conclusion. Further discovery may allow opportunities to defend limited and non-infringing uses of the name, and I am exercising discretion to allow those arguments, if they arise, to proceed.

Accordingly, for all of those reasons and those set forth in the memorandum of decision and order holding that plaintiff LLT holds exclusive ownership of the Lavatec mark in the United States (doc. # 113), and pursuant to Federal Rule of Civil Procedure 65, it is hereby ORDERED that defendant Lavatec, Inc., its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of the above, are, until the final determination of the merits of the action, preliminarily enjoined from:

1. using the Lavatec name or the Lavatec logo, or any variation thereof, as part of any corporate or trade name, trademark, or domain name;

2. using the Lavatec name or logo, or any variation thereof, in the manufacture or sale of any products, or in any advertising, promotion, or offer to sell;

3. using the Lavatec name or logo, or any confusingly similar trademarks, within any domain name, extensions, metatags, or other markers within website source code; or on any webpage, in the title of any web page, within any advertising links, or in any other way that either is visible to computer users or serves to direct computer searches to websites registered, owned, or operated by the defendant or Lapauw International, Inc.;

4. using a website or any other online service located at lavatec.com, lavatec.biz, or any other variation thereof.

Nothing in this order shall be interpreted as precluding the defendant, when using trademarks and trade names not confusingly similar to the Lavatec trademark, from advertising the fact that it services and sells parts for the plaintiff's trademarked products.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of November 2014.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge