|  |  |  |
|---|---|---|
| LAVATEC LAUNDRY TECHNOLOGY GMBH | ) | |
| Plaintiff | ) | Civil Action |
|  | ) | 3:13-cv-0056-SRU |
| v. | ) | |
|  | ) | |
| VOSS LAUNDRY SOLUTIONS INC. | ) | |
| Defendant | ) | |

# DEFENDANT VOSS' EXHIBIT 829

cite this book:
Tait and LaPlante's Handbook of Connecticut Evidence §
2nd ed. 1988

Tait and
LaPlante's

# HANDBOOK OF CONNECTICUT EVIDENCE

**Second Edition**

COLIN C. TAIT
Professor of Law
University of Connecticut



LITTLE, BROWN AND COMPANY
Boston          Toronto

DEFENDANT'S EXHIBIT 829

circumstantially, are hearsay and should be analyzed under the state-of-mind exception to the hearsay rule. *See infra* §11.13.

### §11.3.3  Statements to Show Effect on Hearer or Reader

Statements of others that show the effect on the hearer or reader are not hearsay on such issues as notice, intent, reasonableness, or good faith on the part of the hearer or reader. *McCormick* §250. For example, statements of others will be admitted in an action for malicious prosecution on the issue of the defendant's probable cause. *See Warner v. Warner*, 124 Conn. 625, 638, 1 A.2d 911 (1938). When the issue is whether a party acted on advice of his attorney, the party is entitled to show what that advice was. *Id.* A credit report defendant had obtained on the bankrupt was admissible to show the good faith of the defendant in gaining knowledge of the bankrupt's condition. *Levy v. Carter Rice & Co.*, 136 Conn. 216, 220-221, 70 A.2d 147 (1949). A statement is not hearsay if offered to prove notice to the hearer. *Jenkins v. Reichert*, 125 Conn. 258, 264, 5 A.2d 6 (1939); *see also Harbison v. Barwinsky*, 100 Conn. 602, 603, 124 A. 223 (1924); *Loomis v. Smith*, 17 Conn. 115, 118-119 (1845). Statements heard over a police radio were held admissible as non-hearsay because they were not offered to prove their truth but to show the effect on the hearers and to explain their subsequent conduct. *State v. Gonzales*, 186 Conn. 426, 429, 441 A.2d 852 (1982); *see State v. Silveira*, 198 Conn. 454, 473, 503 A.2d 599 (1986) (knowledge); *State v. Sharpe*, 195 Conn. 651, 661-662, 491 A.2d 345 (1985) (refreshing recollection); *State v. Graham*, 186 Conn. 437, 438, 441 A.2d 857 (1982) (statement admitted to explain motive); *State v. Floyd*, 10 Conn. App. 361, 371, 523 A.2d 1323 (1987) (explaining conduct).

### §11.3.4  Credibility

A statement offered solely to impeach a witness, such as a prior inconsistent statement, is not a hearsay use of such statement. The statement is offered only to prove that it was made, not that it was true. *See supra* §7.24.3.

A prior inconsistent statement of a witness on the stand may also be used substantively, notwithstanding its hearsay nature for that purpose, provided (1) the statement is in writing and based on personal knowledge, and (2) the witness is available for cross-examination. *State v. Whelan*, 200 Conn. 743, 746-747, 513 A.2d 86 (1986); *see infra* §11.24.3.

## B.  EXCEPTIONS TO THE HEARSAY RULE

### §11.4.1  In General

Evidence of a witness's testimony at a prior proceeding may be received in a pending proceeding as an exception to the hearsay rule if certain requirements are met. *In re Durant*, 80 Conn. 140, 151-152, 67 A. 497 (1907). The evidence may be in the form of a deposition, or testimony given in a court proceeding, *viz.*, at a trial or a preliminary hearing. *Atwood v. Atwood*, 86 Conn. 579, 583, 86 A. 29 (1913). If the testimony is contained in a deposition, however, its admissibility depends on the compliance with applicable statutes and rules for depositions. *See supra* §2.3.2. For objections to individual questions and answers in a deposition, *see supra* §3.4.7(c). This exception does not apply to testimony given before a referee in bankruptcy since such a proceeding is not confined to well-defined